**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 26 2016 ★

LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------X

Michael Manoussos,

                                    *Petitioner*,

        -v-

United States of America, John Koskinen,
Commissioner of Internal Revenue, and Rebecca
Backman, Revenue Agent,

                          *Respondent*.

-----------------------------------------------------------------------X

**PETITION TO QUASH THIRD-PARTY SUMMONSES**

**Civil Action No.:**

**CV-16 2677**

**BIANCO, J.**

**LINDSAY, M**

        I MICHAEL MANOUSSOS do hereby depose and say as true under penalty of perjury:

        I am the Petitioner in this action and as such am fully familiar with the facts and circumstances herein.

        Petitioner hereby petitions this Court to quash a third-party summonses served by the Internal Revenue Service ("IRS") upon Valley National Bank and M&T Bank, by the Internal Revenue Service demanding omnibus bank records and information without any specified time period related to the petitioner.

**JURISDICTION**

        1.      This court has jurisdiction in this action pursuant to the provisions of Title 26 U.S.C. Sections 7609(b)(2)(A), 7609(h), and Title 28 U.S.C. Sections 1331 and 1340, venue is proper in that the petitioner and respondents all reside or are found within the geographical jurisdiction of this court.

**PARTIES**

2.      Petitioner is a Citizen of the State of New York with a legal residence in Suffolk County, New York.

3.      Respondent United States of America, IRS is a federal government entity with agencies and offices throughout the United States, and more specifically with an Internal Revenue Service Office located at 1 Lefrak City Plaza, Corona, New York 11368, from which this action has arisen and is being handled.  Respondents John Koskinen, Commissioner of Internal Revenue, and Rebecca Backman, Revenue Agent are employees and agents of the IRS operating from the Office located at 1 Lefrak City Plaza, Corona, New York 11368, from which this action has arisen.

4.      Valley National Bank is a Commercial Banking Corporation, and financial institution, with offices in a number of locations within and without the Eastern District of New York.  More particularly found at Valley National Bank, 1460 Valley Road, Wayne, New Jersey 07470.  M&T Bank is a Commercial Banking Corporation, and financial institution, with offices in a number of locations within and without the Eastern District of New York.  More particularly found at 1100 Wehrle Drive, Williamsville, New York 14221.

**PETITION TO QUASH SUMMONSES**

5.      On about May 10, 2016 Revenue Agent Rebecca Backman issued, and approved by IRS officer Ginger L. Smith, Group Manager, third-party summonses to Valley National Bank and M&T Bank, a copy of which was mailed to petitioner by postal mail postmarked May 11, 2016 and received May 16, 2016.  Copies of the summonses

are attached hereto as exhibit 1 and made a part herein by reference.  As is evidenced, the summonses request production of basically any and all bank records relating to or concerning petitioner for any and all times (without any time period).

6.      Said summonses request the following documentation:

1)      Copies of all negotiable instruments, both deposited and purchased by the above individuals for themselves and or on behalf of others including but not limited to accounts in which the above individuals have control of directly or indirectly for the above noted periods.

2)      Copies of all negotiable instruments cashed during including but not limited to accounts in which the above individuals have control of directly or indirectly for the above noted periods.

3)      Copies of deposit slips and copies of all deposited items into all accounts maintained in the names of above individuals including but not limited to accounts in which the above individuals have control of directly or indirectly for the above noted periods.

4)      Copies of withdrawal slips of all cash withdrawals from all accounts, including but not limited to accounts in which the above individuals have control of directly or indirectly for the above noted periods.

5)      Copies of documents of all domestic and or international wire and money transfers during the above noted periods.

6)      Copies of bank statements and copies of all cancelled checks of all accounts in the name of the above noted individuals as owners or nominees.

7.      It appears on the face of the Summonses that the Summonses are issued "In the matter of Michael Manoussos".  The apparent purpose for the documentation sought in the summonses is therefore not disclosed upon the face of the summonses.

8.      The IRS must at all times use the summons authority in good-faith pursuit of a congressionally authorized purpose.  The IRS has the burden of showing in an adversarial proceeding that its investigation is pursuant to a legitimate purpose, and that the information sought is relevant and material to this legitimate purpose.  Good

faith is not presumed where the summons power is used to harass or to pressure the individual.

      9.     This petition is based on petitioner's contention that:

      (a) Revenue Agent Rebecca Backman is using the summons power to harass and pressure petitioner, for reasons unknown to petitioner at this time, and for purposes that are wholly illegitimate to the spirit and intent of the law, noting that no law or other authority was cited as the ostensible authority for the issuance of the summonses.

      (b) The IRS in general and Revenue Agent Rebecca Backman specifically are aware that there is no legal basis of any kind that would support the issuance of a summons as evidenced by the complete absence of any citation to any legitimate basis for the issuance of the summonses on their face.

      (c) The IRS already possesses all relevant and material information to determination of whether petitioner may be liable under any internal revenue statute and the data summoned is incapable of adding any new information which could affect the determination of any potential liability.  The data sought can only potentially provide names of petitioner's customers and amounts of transactions which would have no relevance unless there is a legitimate purposes for the investigation to begin with.  No legitimate purpose for the investigation is stated on the summonses or any other documents relative to this action.  Therefore, the data Summoned is not relevant to any legitimate purpose.

      10.    Petitioner has fully cooperated with said Agent on the subject audit, to wit:

Form 1040 for tax periods of 12/31/2011 and (apparently) 12/31/2012 and has produced voluminous records and documents.

11.     Petitioner and his accountant met with said agent who conducted an extensive interview. At said meeting, extensive documents were personally provided to said agent. Petitioner's accountant subsequently met again with the agent where further documents were provided and more discussions were had.

12.     During the course of the audit, said agent requested further documents which were provided by Petitioner and by Petitioner's accountant to agent. Many requests were palatably irrelevant or unrelated (like the medical and school records of Petitioner's adult daughter who was not even a declared dependent on Petitioner's tax returns). The agent nonetheless jumped from request to request with no apparent reason or explanation.

13.     Said agent and Petitioner conversed on the telephone several times where said agent inquired or explored various topics or issues. Petitioner nevertheless fully cooperated and assisted said agent with her requests. Throughout the course of the audit, said agent made several statements and accusations which were (and are) palpably incorrect and improper, misstatements of law and of the IRC, etc. To wit: agent's gross misunderstandings of a court-ordered stipulation ordering spousal maintenance, carry-over net operating losses, shareholder loans, etc.

14.     At one point said agent accused Petitioner of underreporting revenue, on the reckless assumption and utter unfamiliarity of the business of personal injury law; that is, the agent stated that the 1099s issued revealed a certain aggregate sum that was considerably higher than what petitioner reported as revenue on his business tax

return.  Petitioner painstakingly explained to the agent that in personal injury cases the insurance company issues to the attorney a 1099 that reflects a gross figure, representing the total settlement, from which the attorney receives one-third as the fee and the remaining two-thirds to the client as the settlement proceeds (minus disbursements).  Petitioner explained the process, as mandated by the State of New York, Office of Court Administration and the Judicial Departments, that the insurance checks are deposited into an escrow IOLA from which disbursements to the attorney and client are made in accordance with the laws and regulations.

15.     At another point, it was realized that Petitioner neglected to take certain deductions and the agent inquired whether petitioner would be amending the tax returns, to which petitioner replied that it would make no difference.  At that point, agent stated that her audit would be of no tax consequence, positive or negative.  On at least two other occasions, agent stated that there is no tax consequence positive or negative regarding Petitioner's audit.  Agent has never presented or indicated that there is any liability chargeable to Petitioner.

16.     All of a sudden communication from and by the agent ceased, no letters, no telephone calls to either the petitioner or his accountant.  For about six months the agent and the conduct of this audit remained dormant or "MIA".

17.     On about May 12, 2016 the agent reappears and states that she is issuing Summonses to Petitioner's banks.  It was explained to the agent that this would prejudice and detrimentally affect petitioner's standing with his bank and compromise his ability to obtain credit and financing, etc.

18.     When the agent was asked if and what records or documents were

needed or missing, the agent was unable to say or identity what records or documents were still required.  Aside from this audit turning into a wild fishing expedition (at Petitioner's expense), this challenges the good faith of the audit and of the said summonses and shows a reckless disregard of the conduct of the audit.  The agent does not know what she wants so how can she say documents are even missing.

19.     The agent has also failed to provide any issues or findings.  It seems apparent that the agent is randomly jumping from whatever pops in her mind to the next. And now the agent serves summonses seeking basically anything and everything from Petitioner's banks.

20.     Lastly, Agent has violated Petitioner's right to privacy and confidentiality. This was done by the agent by transmitting by facsimile to Petitioner's office audit documents, which after complaint the agent apologized.  The agent called the Petitioner at a time agent knew the Petitioner was engaged in actual work, and again apologized.  The agent left a detailed message with Petitioner's employee, causing embarrassment and compromising Petitioner's standing as an employer, and again apologizing.  This shows a harrassive pattern and or a reckless disregard.

21.     Attached hereto as exhibit B and incorporated by reference is the letter of Frank Ruggieri, CPA attesting to the production of extensive documents and the reckless or inept conduct of this audit.


**WHEREFORE**, in consideration of the foregoing and the attached memorandum of law in support hereof, petitioner prays that this court quash the said summonses and order the respondents to appear before this honorable court and show cause as to why

this court should not quash the summonses here involved.

Dated: May 26, 2016

*Respectfully Submitted*

Michael Manoussos
80-02 Kew Gardens Road, Suite 901
Kew Gardens, New York 11415
T: (718) 454-8888
F: (718) 575-1100
E: mmanoussos@mmlaw-pllc.com

Sworn to Before Me
On May 26, 2016

Notary Public

WILBER TRIVINO
Notary Public, State of New York
No. 02TR6308296
Qualified in Queens County
Commission Expires July 21, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Michael Manoussos,

                                   *Petitioner,*

              -v-

United States of America, John Koskinen,
Commissioner of Internal Revenue, and Rebecca
Backman Revenue Agent,

                                 *Respondent.*
------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PETITION TO QUASH THIRD-PARTY SUMMONSES**

**Civil Action No.:**

      Petitioner, Michael Manoussos, submits this memorandum of law in support of his petition to quash summonses issued by the respondents, United States, et al.

      As grounds for his petition, petitioner contends that the Internal Revenue Service cannot meet the "relevancy and materiality" test required by the <u>United States v. Powell, 379 U.S. 48 (1964)</u>.

      Petitioner further contends that the summonses are nothing more than a "fishing expedition" completely void of any "realistic expectation" that the information sought "may be relevant," therefore it is petitioner's contention that the Internal Revenue Service cannot make any showing greater than "idle hope" of finding something, as required by the decision in <u>United States v. Richards, 631 F.2d 341, 345 (4th Cir., 1980)</u>.

      Lastly, it is petitioner's contention that the summonses have been issued in "bad faith" contrary to Powell, supra.

### FACTS

      Revenue Agent Rebecca Backman, operating out of the Internal Revenue Service office at 1 Lefrak City Plaza, Corona, New York 11368, issued an IRS third-party summons to Valley National Bank and M&T Bank.  The target of the summonses

was petitioner.  The summonses stated "In the matter of Michael Manoussos".  The summonses appear to have been issued May 10, 2016.

Pursuant to 26 U.S.C. §§ 7602(a), 7609(a)(3), I.R.M. §§ 4022.62(1) and 4022.63, and 26 C.F.R. § 1.6001-1, a summons must state on its face the "liability" (actual or ostensible) for which it is issued.

The summons issued by respondent Revenue Agent Rebecca Backman in this case fails to state any liability, actual or ostensible for which purpose the summons may have been issued.

On the face of the summonses there has not been cited any authority to issue and enforce the summonses in question.

The summonses command Valley National Bank and M&T Bank to appear before Rebecca Backman, Revenue Agent, or her designee, to give testimony and to bring without any defined time period the following:

1)   Copies of all negotiable instruments, both deposited and purchased by the above individuals for themselves and or on behalf of others including but not limited to accounts in which the above individuals have control of directly or indirectly for the above noted periods.

2)   Copies of all negotiable instruments cashed during including but not limited to accounts in which the above individuals have control of directly or indirectly for the above noted periods.

3)   Copies of deposit slips and copies of all deposited items into all accounts maintained in the names of above individuals including but not limited to accounts in which the above individuals have control of directly or indirectly for the above noted periods.

4)   Copies of withdrawal slips of all cash withdrawals from all accounts, including but not limited to accounts in which the above individuals have control of directly or indirectly for the above noted periods.

5)   Copies of documents of all domestic and or international wire and money transfers during the above noted periods.

6)     Copies of bank statements and copies of all cancelled checks of all accounts in the name of the above noted individuals as owners or nominees.

## ARGUMENT

The IRS has broad authority to issue summonses under 26 U.S.C. § 7602. Under Powell, supra, the government must establish a prima facie case by "showing" that:

(1)     The summonses were issued for a legitimate purpose;

(2)     The summoned data may be relevant to that purpose;

(3)     The data is not already in the government's possession; and

(4)     The administrative steps required by the Internal Revenue Code for issuance and service of the summonses have been followed (Powell, supra 379 U.S. at 57-58).

It is well settled precedent summons must state the "liability" (actual or ostensible) for which it is issued in compliance with the requirements of 26 U.S.C. §§ 7602(a), 7609(a)(3), I.R.M. §§ 4022.62(1) and 4022.63, and 26 C.F.R. § 1.6001-1. The summons issued by respondent Revenue Agent Rebecca Backman in this case fails to state any liability, actual or ostensible for which purpose the summons may have been issued. It is clear on the face of the summonses that Revenue Agent Rebecca Backman has not cited any authority to issue and enforce the summonses in question.

Internal Revenue Code § 7602(a)(1) authorizes the IRS "[t]o examine any books, papers, records, or other data which may be relevant or material" to "…determining the liability of any person for any internal revenue tax." However, in order to force compliance with the summons the IRS must clearly show a "realistic expectation" that

the information sought would "relevant or material" to the legitimate purposes of the summons, and is not merely a "fishing expedition" conducted in the "idle hope" that they will find something.  United States v. Bisceglia, 420 U.S. 141 (1975); United States v. Richards, 631 F.2d 341, 345 (4th Cir., 1980); United States v. Harrington, 388 F.2d 520, 524 (2d Cir., 1968).

The burden is upon the United States to show that the information sought is "relevant to proper purpose".  United States v. Euge, 444 U.S. 707, 712 (1980); United States v. Huckaby, 776 F.2d 564, 567 (5th Cir., 1985).

It is readily apparent from the face of the summonses that Revenue Agent Rebecca Backman claimed no "legitimate purpose" in issuing the summons.  Therefore, Revenue Agent Rebecca Backman has no "legitimate purpose," for the issuance of her summons.

Petitioner is unable to find published in the federal register any notice that opening a bank account and creating signature cards or depositing of monies in one's bank account amounts to a violation of any internal revenue law.  Further, the IRS has failed and refused to identify any tax law which petitioner is being investigated under, which indicates that this summons is clearly a "fishing expedition" devoid of any "realistic expectation" and does not rise to any level greater than "idle hope."  United States v. Richards, 631 F.2d at 345.

Absent legal authority for issuance and legitimate purpose for enforcement of the summonses, nothing in petitioner's bank records could possibly give rise to a "realistic expectation" of those records being relevant to any legitimate investigation.  Thus, petitioner contends that the summons is issued in "bad faith" with no purpose other than

to harass and intimidate petitioner.  It is unclear at this time what "bad faith" purpose

Revenue Agent Rebecca Backman is pursuing in issuance of these Summonses.

Thus, discovery and an evidentiary hearing will in all likelihood be required to determine

the true purpose of the Summonses [Powell, supra 379 U.S. at 58; United States v.

McCarthy, 514 F.2d 368 (3rd Cir., 1975)].

        **Wherefore**, Petitioner requests that the summonses be quashed together with

such other relief this Court deems just and proper.

Dated: May 26, 2016

                                        *Respectfully Submitted*

                                        Michael Manoussos
                                        80-02 Kew Gardens Road, Suite 901
                                        Kew Gardens, New York 11415
                                        T: (718) 454-8888
                                        F: (718) 575-1100
                                        E: mmanoussos@mmlaw-pllc.com

Sworn to Before Me
On May 26, 2016

Notary Public

WILBER TRIVINO
Notary Public, State of New York
No. 02TR6308296
Qualified in Queens County
Commission Expires July 21, 20 16

**EXHIBIT A**

# Summons

In the matter of  MICHAEL MANOUSSOS

Internal Revenue Service (Division):  Small-Buisness/ Self-Employed

Industry/Area (name or number):  NORTH ATLANTIC

Periods: for the period beginning December 1 2010 and ending January 31, 2013

## The Commissioner of Internal Revenue

**To:** M&T LEGAL DOCUMENT PROCESSING .

**At:** 1100 WEHRLE DRIVE WILLIAMSVILLE NY 14221

You are hereby summoned and required to appear before   Rebecca Backman, Revenue Agent 1000923057 or her designee
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

1. Copies of all negotiable instruments, both deposited and purchased by the above individuals for themselves and or on behalf of others including but not limited to accounts in which the above individuals have control of directly or indirectly for the above noted periods.
2. Copies of all negotiable instruments cashed during including but not limited to accounts in which the above individuals have control of directly or indirectly for the above noted periods.
3. Copies of deposit slips and copies of all deposited items into all accounts maintained in the names of above individuals including but not limited to accounts in which the above individuals have control of directly or indirectly for the above noted periods.
4. Copies of withdrawal slips of all cash withdrawals from all accounts, including but not limited to accounts in which the above individuals have control of directly or indirectly for the above noted periods.
5. Copies of documents of all domestic and or international wire and money transfers during the above noted periods.
6 Copies of bank statements and copies of all cancelled checks of all accounts in the name of the above noted individuals as owners or nominees.
IN LIEU OF PERSONAL APPEARANCE THE DOCUMENTS REQUESTED MAY BE MAILED TO REVENUE AGENT
AT:  Internal Revenue Service
    One Lefrak City Plaza, Corona NY 11368;  ATTENTION:  Rebecca Backman SBSE/1109

### Do not write in this space

**Business address and telephone number of IRS officer before whom you are to appear:**

**Place and time for appearance at**  Internal Revenue Service, 1 Lefrak City Plaza, Corona NY 11368

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| on the | 3 | day of | JUNE | 2016 (year) | at | 1 | o'clock P m. |

Issued under authority of the Internal Revenue Code this  10  day of  MAY , 2016 (year)

Rebecca Backman
Digitally signed by Rebecca Backman
DN: c=US, o=U.S. Government, ou=Department of the Treasury, ou=Internal Revenue Service, ou=People, serialNumber=614001, cn=Rebecca Backman
Date: 2016.05.10 11:56:15 -04'00'

Signature of issuing officer

Ginger L. Smith
Digitally signed by Ginger L. Smith
DN: c=US, o=U.S. Government, ou=Department of the Treasury, ou=Internal Revenue Service, ou=People, serialNumber=455817, cn=Ginger L. Smith
Date: 2016.05.10 11:28 -04'00'

Signature of approving officer (if applicable)

**IRS**

Department of the Treasury
**Internal Revenue Service**

www.irs.gov

Form 2039 (Rev. 10-2010)
Catalog Number 21405J

Internal Revenue Agent

Title

Group Manager

Title

Part C — to be given to noticee

# Summons

In the matter of  MICHAEL MANOUSSOS

Internal Revenue Service (Division):  Small-Buisness/ Self-Employed

Industry/Area (name or number):  NORTH ATLANTIC

Periods:  for the period beginning December 1, 2010 and ending January 31, 2013

## The Commissioner of Internal Revenue

To: VALLEY NATIONAL BANK  Attn. Research 4th floor

At: 1460 VALLEY ROAD, WAYNE NJ 07470

You are hereby summoned and required to appear before  Rebecca Backman, Revenue Agent 1000923057 or her designee
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

1. Copies of all negotiable instruments, both deposited and purchased by the above individuals for themselves and or on behalf of others including but not limited to accounts in which the above individuals have control of directly or indirectly for the above noted periods.

2. Copies of all negotiable instruments cashed during including but not limited to accounts in which the above individuals have control of directly or indirectly for the above noted periods.

3. Copies of deposit slips and copies of all deposited items into all accounts maintained in the names of above individuals including but not limited to accounts in which the above individuals have control of directly or indirectly for the above noted periods.

4. Copies of withdrawal slips of all cash withdrawals from all accounts, including but not limited to accounts in which the above individuals have control of directly or indirectly for the above noted periods.

5. Copies of documents of all domestic and or international wire and money transfers during the above noted periods.

6 Copies of bank statements and copies of all cancelled checks of all accounts in the name of the above noted individuals as owners or nominees.

IN LIEU OF PERSONAL APPEARANCE THE DOCUMENTS REQUESTED MAY BE MAILED TO REVENUE AGENT AT:  Internal Revenue Service

One Lefrak City Plaza, Corona NY 11368;  ATTENTION:  Rebecca Backman SBSE/1109

## Do not write in this space

**Business address and telephone number of IRS officer before whom you are to appear:**

**Place and time for appearance at** Internal Revenue Service, 1 Lefrak City Plaza, Corona NY 11368

# IRS

Department of the Treasury
**Internal Revenue Service**

**www.irs.gov**

Form 2039 (Rev. 10-2010)
Catalog Number 21405J

on the ___3___ day of ___JUNE___ ___2016___ at ___1___ o'clock ___P___ m.
(year)

Issued under authority of the Internal Revenue Code this ___10___ day of ___MAY___ , ___2016___
(year)

Rebecca Backman
Digitally signed by Rebecca Backman
DN: c=US, o=U.S. Government, ou=Department of the Treasury, ou=Internal Revenue Service, ou=People, serialNumber=614001, cn=Rebecca Backman
Date: 2016.05.10 11:56:15 -04'00'

**Signature of issuing officer**

Ginger L. Smith

**Signature of approving officer** *(if applicable)*

Internal Revenue Agent

**Title**

Group Manager

**Title**

**Part C** — to be given to noticee

Internal Revenue Service
SB/SE, Group 1099
One Lefrak City Plaza, 5th Floor
Corona, NY 11368-1860

Official Business
Penalty for Private Use, $300

CERTIFIED MAIL

7014 3490 0000 4322 3321



Michael Manoussos
80-02 Kew Gardens Road
Kew Gardens NY 11415

neopost
05/11/2016
US POSTAGE
$006.67
FIRST-CLASS MAIL

11415333616 C080

**EXHIBIT B**

*Frank J. Ruggieri, C.P.A.*
*1979 Marcus Avenue, Suite #210*
*Lake Success, New York 11042*

*May 24, 2016*

*Mr. Michael Manoussos, Esq.*
*80-02 Kew Gardens Road, Suite # 901*
*Kew Gardens, New York 11415*

*Dear Mr. Manoussos:*

*The following is a list of tax documents that I have given to Ms. Rebecca Backman, IRS Agent in conjunction with the examination of your Individual Tax Returns for the years 2011 and 2012:*

- *Mr. Manoussos' Income tax Form 1040 year 2006 (Transmittal letter to IRS August 24, 2015).*
- *Manoussos & Associates, P.C.'s Income Tax Form 1120-S for 2006 (Same reference)*
- *MBSS Holdings, Ltd/'s Income Tax Form 1120-S for 2006  & 2013(same)*
- *Manoussos & Messer's August 2, 2013 New York Registration of name Change to Michael Manoussos PLLC (Same.)*
- *Written acknowledgement from State Bank of L.I. that MBSS Holdings $250,000, noted on subsequent MBSS Holdings Ltd.'s tax return, should have read "Payable to Shareholder" because Mr. Manoussos stated that he personally paid-off this loan. Manoussos further stated that he provided proof thereof to Ms. Bachman. (Same)*
- Substantiation via written citation of 26USC71 (b) (2), (c), & (e) that the Mr. Manoussos' "So Ordered Stipulation" is a "Court Ordered Decree" that meets the tax deductibility standards, of 26USC, as alimony (same).
- Mr. Manoussos' 2011 and 2012 Bank Statements (transmittal letter to IRS August 8, 2015).
- Mr. Manoussos'  2013 *Individual Income Tax Return (*transmittal letter August 8, 2015)

- 2013 *Partnership Tax Return* for Michael Manoussos & Co., PLLC (F/K/A Manoussos & Messer PLLC)(Transmittal August 12, 2015)
- Mr. Manoussos  Bank of Long Island checking account statements for period January 2, 2011 to April 21, 2011 and the period December 24, 2011 to January 11, 2012 (Reference September 3, 2015 Transmittal Letter)
- Manhole Barrier Security Systems, Inc.'s Valley National Bank statements for 2011 and 2012. (Reference September 3, 2015 Transmittal Letter)
- Itemized list of checks paid, by Mr. Manoussos as alimony.
- Mr. Manoussos Court Ordered Support decree. (Meeting with Rebecca Backman at C.P.A. office meeting August 4, 2015)
- Mr. Manoussos partial 2011 and 2012 Valley National Bank statements for 2011 N 2012.
- Mr. Manoussos' *2005 Individual Tax Return*
- Manoussos & Associates, PC form 1120-S year 2005 and K-1.
- MBSS Holdings, Ltd. form 1120-S, year 2005 & K-1
- Mr. Manoussos' 1040 year 2007
- Manoussos & Associates, PC Form 1120-S year 20017 and K-1.
- MBSS Holdings, Ltd. form 1120=S Year 2007 & K-1
- Mr. Manoussos Form 1040 Year 2008
- Manoussos & Associates PC Form 1120-S year 2008 & K-1
- MBSS Holdings, Ltd. form 1120-S 2008 & 2009 and K-1's
- Manoussos & Associates PC Form 1120-S year 2009 & K-1
- Michael Manoussos Form 1040 year 2009
- Manoussos & Messer PLLC Partnership tax return Form 1065 year 2009
- Mr. Manoussos' form 1040 for years 2010, 2011 & 2012
- Manoussos & Messer PLLC form 1065 year 2010, 2011 & 2012 & K-1
- MBSS Holdings, LLC form 1120-S year 2010, 2011 & 2012 and K-1's

I am a Certified Public Accountant with 35 years of auditing experience.

As to IRS agent's Rebecca Bachman's apparent inexperienced and ineptitude:

Ms. Bachman requested tax documents for years other than 2011 & 2012 tax years under audit.  For example, she requested MBSS Holdings, Ltd.'s 2013 & 2014 tax return (Document Request, IRS Form 4564, dated august 20, 2015). Additionally, Ms. Backman requested to see the school and medical records of Mr. Manoussos' daughter, Irene, despite the fact that Irene was not declared as a dependent or as any other deduction on Mr. Manoussos' tax returns for the 2011 & 2012 audit years (IRS Document Request of August 4, 2015). These requests are indicative of an inexperienced auditor who , not being certain as to what documents are essential to the audit, request all irrelevant documents, in the hope that such request will encompass all the necessary information that he/she will eventually learn are necessary.   Experienced auditor usually know that doing this fails to expeditiously focus on audit year risk areas and fails to optimize time that should be used to close the case. Additionally, it wastes the taxpayer's time and money.

Mr. Manoussos stated that Ms. Bachman said that a stockholder's loan to his S Corporation does not increase the stockholders basis, in his ownership interest. He said that she additionally stated that such loan increase only the basis of a Partnership interest. If she made this statement, she lacks the knowledge of basic tax law since a partnership is not a corporation and vie 26USC1366(d)(1), shareholder loans to his wholly owned S Corporation, in this instance, does increase shareholder's basis. If Ms. Bachman made this statement, she has, not only, inadequate knowledge of Basis Rules of 26USC which are essential to determining the accurate amount of income tax that should be recorded on a taxpayer's basic IRS Form 1040, *U.S. Individual Income Tax Return.*

Ms. Rebecca Backman frequently made duplicate requests for documents previously supplied, e.g. Alimony Payments & Ownership Explanation for, taxpayer received 1099-DIV (IRS Document Request, Form 4564, September 24, 2015)

Frank J. Ruggieri, M.B.A., C.P.A (NY & CT)

## Michael Manoussos

| | |
|---|---|
| **From:** | Frank J. Ruggieri <frankrcpa@verizon.net> |
| **Sent:** | Wednesday, May 25, 2016 4:00 PM |
| **To:** | 'Michael Manoussos' |
| **Subject:** | RE: Rebecca Backman IRS Agent Affidavit Commentary |
| **Attachments:** | Tax 2011&2012 IRS Audit Itwms Supplied List for MM Afadivit 5 23 2016.docx |

Michael:

Attached per your request.

Re Tax Advocate assistance: I petitioned the taxpayer advocate, for another client, who was overcharged $1,000 via an IRS Tax Due notice. The Taxpayer Advocate's office just called me and said they will mandate that the IRS adjust the error in the taxpayer's favor. Hence, the Taxpayer Advocate service works for the taxpayer.

Regards,

Frank.

Frank J. Ruggieri, C.P.A.
President

Frank J. Ruggieri, M.B.A., C.P.A., P.C.
1979 Marcus Ave., Suite #210
Lake Success, New York 11042
516-622-2393
917-378-8965
Frankrcpa@verizon.net

This e-mail and the attachments hereto, if any, may contain legally privileged an/or confidential information. It is intended only for use by the named addressee(s). If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail and the attachments hereto, if any, is strictly prohibited. If you have received this transmission in error, please immediately notify the sender by telephone and permanently delete this e-mail and the attachments hereto, if any, and destroy any printout thereof.

Disclaimer under IRS Circular 230: Unless expressly stated otherwise in this transmission, nothing contained in this message is intended or written to be used, nor may it be relied upon or used, (1) by any taxpayer for the purpose of avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code of 1986, as amended, an/or (2) by any person to support the promotion or marketing of or to recommend any Federal tax transaction(s) or matter(s) addressed in this message. Any taxpayer may wish to seek independent tax advice with respect to any Federal tax transaction or matter contained in this message.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

Michael Manoussos,

                                        Petitioner,

-v-


United States of America, John Koskinen,

Commissioner of Internal Revenue, and Rebecca

Backman, Revenue Agent,


                                        Respondent.

------------------------------------------------------------------------X




## PETITION TO QUASH THIRD-PARTY SUMMONESES

## MEMORANDUM OF LAW



Michael Manoussos

*Pro se*

80-02 Kew Gardens Road, Suite 901

Kew Gardens, New York 11415

718-454-8888